Eastern District of Kentucky
**FILED**

SEP 26 2024

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

UNITED STATES OF AMERICA

V.  INDICTMENT NO. 7:24-CR-016-KKC

JUSTIN D. SLONE

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
## 18 U.S.C. § 922(g)(1)

On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky,

**JUSTIN D. SLONE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms to wit: (1) a WWI (Windham Weaponry Inc.), model WW-15, .556 caliber rifle with serial number YE018449; (2) a Smith and Wesson, model M&P 15-22, .22 caliber rifle with serial number DZN5285; (3) a Ruger, model AR-556, .556 caliber rifle with serial number 856-16517; (4) a Savage, model Stevens 62, .22 caliber rifle with serial number 0069324; (5) H&R, model Topper 48, 20-gauge shotgun with unknown serial number; (6) a German Sports Gun, model Firefly, .22 caliber pistol with serial number F511397; (7) a Glock Inc., model 45, 9mm caliber pistol with serial number AGEC342; (8) a German Sports Gun, model Firefly, .22 caliber pistol with serial number F463887; (9) a Glock GMBH, model 34 (GEN 5), 9mm

caliber pistol with serial number CACE113, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky,

### JUSTIN D. SLONE

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 26 U.S.C. § 5861(d)

On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky,

### JUSTIN D. SLONE

knowingly possessed a "firearm" as defined by 26 U.S.C. § 5845(a)(7), that is a silencer as defined by 18 U.S.C. § 921(a)(24), more specifically described as a cylindrical device measuring approximately 6-1/8 inches long and 1-3/8 inches in diameter, which was not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. § 5861(d).

## COUNT 4
## 26 U.S.C. § 5861(d)

On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky,

### JUSTIN D. SLONE

knowingly possessed a "firearm" as defined by 26 U.S.C. § 5845(a)(7), that is a silencer

as defined by 18 U.S.C. § 921(a)(24), more specifically described as a cylindrical device measuring approximately 10-1/8 inches long and 1-1/2 inches in diameter, which was not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. § 5861(d).

## COUNT 5
## 26 U.S.C. § 5861(d)

On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky,

### JUSTIN D. SLONE

knowingly possessed a "firearm" as defined by 26 U.S.C. § 5845(a)(7), that is a silencer as defined by 18 U.S.C. § 921(a)(24), more specifically described as cylindrical device measuring approximately 9 inches long and 1-11/16 inches in diameter, which was not registered to him in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. § 5861(d).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 26 U.S.C. § 5872
## 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Count 1 of the Indictment, **JUSTIN D. SLONE** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 922. Any and all interest that **JUSTIN D. SLONE** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

2.  By virtue of the commission of the offenses alleged in Count 3, 4, and 5 of the Indictment, **JUSTIN D. SLONE** shall forfeit to the United States any and all firearms and silencers involved in the violations of 26 U.S.C. § 5861(d). Any and all interest that **JUSTIN D. SLONE** has in this property is vested in and forfeited to the United States pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461.

3.  By virtue of the commission of the felony offenses alleged in Count 2 of the Indictment, **JUSTIN D. SLONE** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **JUSTIN D. SLONE** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

4.  The property to be forfeited includes, but is not limited to, the following:

    **FIREARMS:**
    1. WWI (Windham Weaponry Inc.), model WW-15, .556 caliber rifle with serial number YE018449;
    2. Smith and Wesson, model M&P 15-22, .22 caliber rifle with serial number DZN5285;
    3. Ruger, model AR-556, .556 caliber rifle with serial number 856-16517;
    4. Savage, model Stevens 62, .22 caliber rifle with serial number 0069324;
    5. H&R, model Topper 48, 20-gauge shotgun with unknown serial number;
    6. German Sports Gun, model Firefly, .22 caliber pistol with serial number F511397;
    7. Glock Inc., model 45, 9mm caliber pistol with serial number AGEC342;
    8. German Sports Gun, model Firefly, .22 caliber pistol with serial number;
    9. Glock GMBH, model 34 (GEN5), 9mm caliber pistol with serial number CACE113; and
    10. Associated Ammunition and Accessories

**SILENCERS**
   a. Cylindrical device measuring approximately 6-1/8 inches long and 1-3/8 inches in diameter;
   b. Cylindrical device measuring approximately 10 1/8 inches long and 1-1/2 inches in diameter; and
   c. Cylindrical device measuring approximately 9 inches long and 1-11/16 inches in diameter

5. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

███████████████████
**FOREPERSON**

*/s/ Cm S L*
_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# PENALTIES

## COUNT 1:

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

## COUNT 2:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

## COUNTS 3, 4, and 5:

Not more than 10 years imprisonment, a fine of not more than $250,000 and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.