## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

**CRIMINAL ACTION NO. 7:24-CR-16-KKC**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                              <u>**PLEA AGREEMENT**</u>

**JUSTIN D. SLONE**                                             **DEFENDANT**

\*    \*    \*    \*    \*

1.      Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the Defendant, Justin D. Slone, will enter a guilty plea to Count One of the Indictment, which charges the Defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).   Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two, Three, Four, and Five of the Indictment.   Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2.      The essential elements of Court One are as follows:

   (a)   That the defendant has been convicted of a crime punishable by imprisonment for more than one year;

1

(b)  That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment;

(c)  That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(d)  That the specified firearm traveled in interstate commerce.

3.  As to Count One, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about August 9, 2024, in Floyd County, in the Eastern District of Kentucky, law enforcement traveled to the Defendant's residence in order to execute a pending warrant for the Defendant's arrest.  The Defendant did not initially comply with law enforcement directions to exit the residence. From outside the residence, law enforcement located the Defendant in a fortified room in the lower level of the residence.  Law enforcement observed the Defendant to be in possession of a firearm.

(b) The Defendant ultimately exited from a different room in the lower level of his residence.  In the course of arresting the Defendant, law enforcement found a loaded Glock 9mm magazine on his person.  In the room where the Defendant exited, law enforcement located and seized three firearms (including a Glock 9mm pistol and an AR-style rifle), three silencers, ammunition, and firearm accessories.  In the same room, law enforcement also located a black bag containing 42.857 grams of methamphetamine.  In the fortified room, law enforcement also located a firearm (another Glock 9mm pistol).  In the upper level of the residence, law enforcement located five additional firearms.

(c) The Defendant possessed the firearms, ammunition, silencers, firearm accessories, and methamphetamine located in his residence.  The firearms were not manufactured in Kentucky.

(c) Prior to August 9, 2024, the Defendant had been convicted of a felony offense (including complicity to trafficking in a controlled substance, first

2

degree, first offense, in violation of KRS 218A.1412), knew he was a felon, and was prohibited from possessing a firearm.

4.   The statutory punishment for Count One is not more than 15 years of imprisonment, a $250,000 fine, and 3 years of supervised release.   A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.   Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a)   The November 1, 2024 version of the United States Sentencing Guidelines (U.S.S.G.) Manual shall be used to determine the Defendant's guideline range.

(b)   Pursuant to U.S.S.G. § 2K2.1(a)(3), the base offense level is 22 because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant committed the instant offense subsequent to sustaining one felony conviction of a controlled substances offense.

(c)   Pursuant to U.S.S.G. § 2K2.1(b)(6), increase the offense level by 4 levels because the Defendant possessed the firearm in connection with another felony offense.

(d)   Pursuant to U.S.S.G. § 3E1.1, unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.   No agreement exists concerning the Defendant's criminal history category

3

pursuant to U.S.S.G. Chapter 4.

7.   The Defendant will not file a motion for a decrease in offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.   The Defendant waives the right to appeal the guilty plea and conviction.   The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.   The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant acknowledges that the firearms and ammunition listed in the forfeiture allegation of the Indictment already have been administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), that this property will not be forfeited judicially as part of this action, and that he can assert no further right, title, or interest in this property. The Defendant agrees that all the property listed in the forfeiture allegation of the Indictment is subject to forfeiture because a nexus exists between it and criminal violations. The Defendant agrees to take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The

4

Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the property identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10.    The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.   The United States has not made any other promises to the Defendant.

13.    This Agreement does not bind the United States Attorney's Offices in other

districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date 7/2/25                     By: _____
                                     Andrew H. Trimble
                                     Assistant United States Attorney

Date: 6-28-25                   _____
                                     Justin D. Slone
                                     Defendant

Date: 6-28-25                   _____
                                     Andy Markelonis
                                     Attorney for Defendant

6